**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Dion Lamar WILLIAMS, Appellee.**

**Commonwealth of Pennsylvania, Appellant**

v.

**Gerald Woods, A/K/A Aki Bivins Appellee.**

**Commonwealth of Pennsylvania, Appellant**

v.

**Darrale Markese Gaines A/K/A Terrell Lane Appellee.**

Superior Court of Pennsylvania.

Submitted Sept. 19, 2005.

Filed Feb. 1, 2006.

---

Michael W. Streily, Deputy District Attorney, Francesco L. Nepa, Assistant District Attorney, Pittsburgh, for Commonwealth, appellant.

Victoria H. Vidt, Pittsburgh, for Williams, appellee.

John K. Lewis, Pittsburgh, for Woods, appellee.

Jon C. Botula, Pittsburgh, for Gaines, appellee.

Before: JOYCE, McCAFFERY, and MONTEMURO *, JJ.

OPINION BY JOYCE, J.:

¶ 1 The Commonwealth brings this appeal from a trial court order, which was entered on July 15, 2004, granting Dion Lamar Williams, Gerald Woods, and Darrale Markese Gaines' (collectively "Appellees" ') motion *in limine* barring the introduction of prior testimony. For the reasons that follow, we quash the appeal as it was untimely filed. The relevant facts and procedural history of this matter, as aptly stated by the trial court, are as follows.

¶ 2 The Appellees were all charged with two counts of Criminal Homicide, 18 Pa. C.S.A. § 2501. Appellees filed pre-trial motions, including, *inter alia*, a motion to exclude the Coroner's Inquest testimony of Edward Howard, a Commonwealth witness who passed away prior to trial. On July 15, 2004, the trial court filed an order denying all of Appellees' motions except

* Justice Montemuro did not participate.

for the request to bar the Coroner's Inquest testimony of Edward Howard. It is with respect to the trial court's granting of this motion that the Commonwealth files the instant appeal.

¶ 3 A review of the record reveals that on June 26, 2001, Edward Howard, who was confined to a wheelchair, Carl Burley, Mark Hunter, and Alan Moore, were on Kirkbride Street in the City of Pittsburgh. Mr. Hunter was driving Mr. Howard's car, Mr. Howard was in the front passenger seat, and the other two men were in the back seat. Another car began to follow the men. It was being driven by Appellee–Woods, with Appellee–Williams in the front passenger seat and Appellee–Gaines in the backseat with an unidentified fourth man.

¶ 4 Appellee–Williams and Appellee–Gaines began firing weapons at Mr. Howard's car causing it to crash into a building. Mr. Hunter and Mr. Burley died as a result of the gunshot wounds they suffered in the attack.

¶ 5 A coroner's inquest was conducted, and Mr. Howard testified. Unfortunately, Mr. Howard passed away before the start of trial, making him unavailable as a witness. Thereafter, ·the Commonwealth sought to introduce his inquest testimony at trial, and as stated above, the trial court granted Appellees' motion *in limine* that requested Mr. Howard's testimony not be admitted due to a lack of cross-examination. As indicated, *supra*, it is from this July 15, 2004 ruling that the Commonwealth purports to appeal.

¶ 6 We turn now to the procedural aspects of this matter, as Appellees have filed a motion to quash the appeal as untimely filed. As stated, the trial court granted the motion *in limine* on July 15, 2004. On July 21, 2004, a motion for clari-

fication of the July 15, 2004 order was filed; however, the trial court never ruled on this motion. Subsequently, on September 15, 2004, the Commonwealth sought leave to appeal the July 15, 2004 order *nunc pro tunc.* On December 7, 2004, the trial court reinstated the Commonwealth's appellate rights *nunc pro tunc,* and on January 4, 2005, the Commonwealth filed its notice of appeal.

█ ¶ 7 Appellees aver that the Commonwealth's appeal is untimely as it was not filed within 30 days of the July 15, 2004 order. *See* Pa.R.A.P. 903(a) (the notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken). The Commonwealth argues that the 30 day period does not apply as this was an interlocutory pre-trial ruling, and it was free to seek reconsideration of this order. In support of this position, the Commonwealth cites *Commonwealth v. McMillan,* 376 Pa.Super. 25, 545 A.2d 301 (1988), which stated that 42 Pa.C.S.A. § 5505 [1] applies only to final orders and does not apply to interlocutory orders such as the denial of post-verdict motions.

¶ 8 However, in the case at bar, the order in question was, for purposes of appeal, a final order. *Commonwealth v. Metzer,* 430 Pa.Super. 217, 634 A.2d 228 (1993) (suppression orders and pretrial motions *in limine* that exclude evidence are final orders that are immediately appealable by the Commonwealth). The Pennsylvania Rules of Appellate Procedure provide that in criminal cases, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order

will terminate or substantially handicap the prosecution. *See* Pa.R.A.P. 311(d). In *Commonwealth v. Boczkowski,* 577 Pa. 421, 846 A.2d 75 (2004), our Supreme Court explained that "[t]he classic case of an interlocutory order appealable by the Commonwealth as of right by such certification is one granting a defense motion to suppress evidence." *Boczkowski,* 577 Pa. at 441, 846 A.2d at 87. The Court continued stating "[t]his Court has since made clear that the Commonwealth may appeal a pre-trial ruling on a motion in limine which excludes Commonwealth evidence in the same manner that it may appeal an adverse ruling on a suppression motion— i.e., by certification that the order has the effect of terminating or substantially handicapping the prosecution." *Id.* Here, the Commonwealth properly made the certification, but as stated above, filed the appeal in an untimely fashion.

¶ 9 The Commonwealth argues that *Commonwealth v. Gordon,* 438 Pa.Super. 166, 652 A.2d 317 (1994) is instructive in this matter. Upon review, we find *Gordon* is inapplicable for two reasons: (1) because in *Gordon,* the order in question, dated December 29, 1993, was not docketed until February 8, 1994, thus the Commonwealth's appeal, which was filed on February 10, 1994, was filed well within the 30 day appeal period; and (2) the trial court advised the Commonwealth that introduction of the evidence could be sought at trial despite its decision to grant the appellee's motion *in limine*—therefore, the December 29th order was not immediately appealable at the time it was issued because it neither terminated nor substan-

---

1. 42 Pa.C.S.A. § 5505 reads as follows:
   Modification of orders
   Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

tially handicapped the prosecution pursuant to Pa.R.A.P. 311(d).

¶ 10 In the case at bar, the order was filed July 15, 2004, and the language clearly excluded the introduction of testimony from the Coroner's Inquest. Accordingly, it was a final order that was immediately appealable, and the Commonwealth's notice of appeal was untimely. We must now determine if the trial court's reinstatement of the Commonwealth's appellate rights *nunc pro tunc* saves this untimely appeal.

¶ 11 In *Commonwealth v. Stock*, 545 Pa. 13, 679 A.2d 760 (1996), the Pennsylvania Supreme Court discussed the reinstatement of appellate rights *nunc pro tunc* in criminal cases and the standard appellate courts should employ. "An abuse of discretion standard governs our review of the propriety of a grant or denial of an appeal *nunc pro tunc*." *Id.* citing *Commonwealth v. Jarema*, 404 Pa.Super. 121, 590 A.2d 310 (1991).

¶ 12 Here, the Commonwealth filed a timely motion for clarification / reconsideration on July 20, 2004 from the order granting the motion *in limine* that was filed July 15, 2004. When the trial court failed to rule on the motion, the Commonwealth filed a motion seeking leave to appeal the July 15, 2004 order *nunc pro tunc*. *See* Motion for Leave to Appeal, filed 09/15/2004. In *Stock, supra*, the Court stated that "an appeal *nunc pro*

*tunc* is intended as a remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances." *Stock*, 545 Pa. at 18, 679 A.2d at 764. Here, we find nothing extraordinary.

¶ 13 The order in question was a final order, and the trial court was free to reconsider or modify it within 30 days, but it did not. *See* 42 Pa.C.S.A. § 5505. The Commonwealth was required to appeal the order within 30 days, but it failed to do so. The Commonwealth, one month past the appeal date, filed its motion for leave to appeal *nunc pro tunc*. As stated, this relief is only granted when there are extraordinary circumstances, and we conclude that failing to timely file a notice of appeal without some breakdown in the operation of the court, which is not present in this case, does not rise to the level of extraordinary.

¶ 14 Accordingly, we find that the trial court abused its discretion in reinstating the Commonwealth's appeal rights *nunc pro tunc*. Therefore, this appeal is untimely, and we are constrained to grant the motion to quash.[2]

¶ 15 Appeals quashed.

---

2. The instant case is distinguishable from the recently decided *Commonwealth v. Harper*, 890 A.2d 1078, (Pa.Super.2006). In *Harper*, the PCRA court granted petitioner a new trial. Thereafter, the Commonwealth filed a motion for reconsideration asserting that the testimony relied upon by the PCRA court was perjured. The PCRA court rescinded the grant of a new trial and petitioner appealed. Petitioner asserted that the PCRA court lacked jurisdiction to rescind its order outside the thirty

day period provided by Pa.R.Crim.P. 910 (regarding the finality of orders disposing of PCRA petitons for purposes of appeal). However, and as explained in the instant case, a determiner is the finality of the order. *See Gordon, supra*. Our esteemed colleague, the Honorable Mary Jane Bowes, concluded in *Harper* that the Commonwealth lost its right to appeal the order granting a new trial once thirty days had expired pursuant to Pa. R.Crim.P. 910; however, it did not lose its

right to seek reconsideration pursuant to 42 Pa.C.S.A. § 5505. Judge Bowes explained that while the order was final for purposes of appeal, it was interlocutory for purposes of seeking reconsideration. The PCRA court in *Harper* granted the Commonwealth's motion for reconsideration of its interlocutory order granting a new trial. *See Harper,* at 1081. In the instant case, the order in question was a final order. *See Metzer, supra.*