J-S48028-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WARREN THOMAS FAHEY, | : | |
| | : | |
| Appellant | : | No. 175 WDA 2015 |

Appeal from the PCRA Order January 7, 2015,
Court of Common Pleas, Erie County,
Criminal Division at No(s): CP-25-CR-0000181-2014,
CP-25-CR-0003008-2013 and CP-25-CR-0003009-2013

BEFORE: PANELLA, DONOHUE and WECHT, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED AUGUST 19, 2015**

Warren Thomas Fahey ("Fahey") appeals from the order of court denying his second petition filed pursuant to the Post Conviction Relief Act, ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Following our review, we affirm.

In late 2013, Fahey was charged with numerous counts of driving under the influence of alcohol or a controlled substance ("DUI"), 75 Pa.C.S.A. § 3802. In early May 2014, after multiple requests by Fahey for the removal of his appointed counsel, the trial court permitted appointed counsel to withdraw and thereafter Fahey represented himself. On May 22, 2014, Fahey entered a guilty plea to multiple counts of DUI and the trial court sentenced him on each count. At the time of the plea and sentencing proceeding, the trial court informed Fahey, inter alia, that he had thirty days in which to file a direct appeal from the judgment of sentence. N.T.,

5/22/14, at 24. Fahey did not file a direct appeal.[1] On June 2, 2014, he filed a pro se PCRA petition. PCRA counsel was appointed, and on July 11, 2014, he filed a motion to withdraw pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1998), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988). The PCRA court subsequently issued notice of its intent to dismiss Fahey's PCRA petition pursuant to Pa.R.Crim.P. 907 and granted PCRA counsel's request to withdraw. Fahey filed a lengthy and detailed response to the Rule 907 notice, but the PCRA court ultimately denied his petition on August 19, 2014. In so doing, the PCRA court advised Fahey that he had thirty days in which to appeal the denial of his PCRA petition to the Superior Court. PCRA Court Opinion, 8/19/14.

Fahey subsequently filed multiple prolix motions, including two identical petitions seeking reconsideration of his sentence. ***See*** Petition for Reconsideration, 9/17/14; Petition for Reconsideration, 10/8/14. In light of these filings, the PCRA court ordered that the Erie County Clerk of Courts no longer accept any filing from Fahey without Fahey first obtaining permission from the PCRA court for the filing. PCRA Court Order, 10/8/14.[2]

---

[1] Fahey filed a motion seeking enlargement of the time in which to file an appeal, which the trial court denied. Trial Court Order, 5/28/14.

[2] The PCRA court found that Fahey's actions amount to "abuse of the system" by "recycling [] motions that were previously addressed." PCRA Court Opinion, 10/8/14.

- 2 -

On December 10, 2014, Fahey filed a motion requesting permission to file a PCRA petition seeking the reinstatement of his appeal rights. *See* Motion for Leave to File Post Conviction Relief Act Petition for Direct Appellate Rights, 12/10/14.[3] The lower court treated this filing as Fahey's second PCRA petition. It issued a Rule 907 notice of intent to dismiss, concluding that Fahey "failed to allege any facts that, if proven, would demonstrate that he is entitled to consideration of a second PCRA petition." PCRA Court Opinion and Notice, 12/11/14, at 2. Fahey filed a response, alleging that the PCRA court should reinstate his right to appeal the denial of his first PCRA petition because Fahey "does not have the ability to understand or comprehend the workings of the law[,]" including procedures, time limitations or rules of court. Objection to [Rule] 907 Notice, 12/24/14, at 2. The PCRA court was not swayed and it denied Fahey's motion on January 2, 2015.[4]

This timely appeal follows, in which Fahey askes "[w]hether the [l]ower [c]ourt erred in dismissing [his] PCRA [petition] without a hearing to

---

[3] Despite the title Fahey gave this petition, he was seeking to reinstate his right to appeal the August 19, 2014 denial of his PCRA petition, not his judgment of sentence. *See* Objection to [Rule] 907 Notice, 12/24/12. The PCRA court correctly interpreted the motion and considered Fahey's request as a request for the reinstatement of his right to appeal the August 19, 2014 order. *See* Opinion and Notice, 12/11/14, at 2.

[4] In so doing, the PCRA court did not respond to the allegations of mental disability but instead relied on its December 11, 2014 opinion in support of its decision to deny the motion. PCRA Court Order, 1/2/15.

determine [Fahey's] competence to follow rules of procedure?" Fahey's Brief at 4.

We begin by questioning the lower court's decision to treat Fahey's motion as a PCRA petition, as Fahey conspicuously did not raise, or seek to raise, any issues that are cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2). As noted above, he was requesting permission to file an appeal from the denial of his PCRA petition nunc pro tunc. As such, it appears that the PCRA court erred in its election to treat Fahey's motion as a PCRA petition. *Cf. Commonwealth v. Robinson*, 82 A.3d 998, 1005 (Pa. 2013) ("To be entitled to PCRA relief, appellant must establish, [inter alia], that his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S. § 9543(a)(2)[.]"). Nonetheless, following our review, we find no basis upon which to disturb the denial of Fahey's motion.[5]

"An abuse of discretion standard governs [an appellate court's] review of the propriety of a grant or denial of an appeal nunc pro tunc." *Commonwealth v. Williams*, 893 A.2d 147, 150 (Pa. Super. 2006) (quoting *Commonwealth v. Stock*, 679 A.2d 760, 762 (Pa. 1996)). It has long been recognized that the reinstatement of appeal rights is permitted only in "extraordinary" circumstances. *Stock*, 679 A.2d at 764.

---

[5] "It is well settled that where the result is correct, an appellate court may affirm a lower court's decision on any ground without regard to the ground relied upon by the lower court itself." *Commonwealth v. Singletary*, 803 A.2d 769, 772-73 (Pa. Super. 2002).

In **Williams**, the Commonwealth attempted to appeal from an order granting the defendant's motion in limine.[6]  Two months after the entry of this order, apparently realizing that the time to appeal had run, the Commonwealth filed a motion seeking leave to file an appeal nunc pro tunc. The trial court reinstated the Commonwealth's direct appeal rights.  On review, we concluded that the trial court erred by doing so:

> … In [**Commonwealth v.**] **Stock**, **supra**, the [Supreme] Court stated that "an appeal nunc pro tunc is intended as a remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances." **Stock**, [] 679 A.2d at 764.  Here, we find nothing extraordinary.
>
> The order in question was a final order, and the trial court was free to reconsider or modify it within 30 days, but it did not. **See** 42 Pa.C.S.A. § 5505.  The Commonwealth was required to appeal the order within [thirty] days, but it failed to do so. The Commonwealth, one month past the appeal date, filed its motion for leave to appeal nunc pro tunc.  As stated, this relief is only granted when there are extraordinary circumstances, **and we conclude that failing to timely file a notice of appeal without some breakdown in the operation of the court, which is not present in this case, does not rise to the level of extraordinary**.
>
> Accordingly, we find that the trial court abused its discretion in reinstating the Commonwealth's appeal rights nunc pro tunc.

**Id.** at 150 (emphasis added); **see also Commonwealth v. Coolbaugh**, 770 A.2d 788, 791 (Pa. Super. 2001) (noting multiple instances in which this

---

[6] This was a final and appealable order.  **See Commonwealth v. James**, 69 A.3d 180, 185 (Pa. 2013); Pa.R.A.P. 311(d).

Court declined to quash appeals where untimeliness was a result of the trial court's misstatement of the appeal period, which amounts to a breakdown in the court's operation).

In the present case there has been no allegation, much less showing, of "extraordinary circumstances" that would warrant the reinstatement of Fahey's direct appeal rights. Fahey does not allege a breakdown in the operation of the court; his only claim is that he was unable to abide by the applicable rules and deadlines because of mental disabilities. Fahey's Brief at 10. This alone does not rise to the level of "extraordinary circumstances" so as to permit the reinstatement of appellate rights nunc pro tunc. *Williams*, 893 A.2d at 150. Moreover, although not germane to whether Fahey has met the "extraordinary circumstances" standard, we note that Fahey has demonstrated his ability to abide by the applicable rules and procedures. For instance, he filed a timely pro se response to the PCRA court's Rule 907 notice of intent to dismiss, which, although verbose, coherently responds to PCRA counsel's *Turner/Finley* letter and cites Pennsylvania case law, treatises, and rules of court in support of his position. *See* Response to Rule 907 Notice, 8/7/14.

We note that Fahey cites *Commonwealth v. Cruz*, 852 A.2d 287 (Pa. 2004), for the proposition that his alleged mental incompetence excuses his failure to timely file an appeal from the denial of his PCRA petition. Fahey's Brief at 10. This argument is waived, as Fahey did not raise it before the

- 6 -

lower court.  ***Commonwealth v. Rush***, 959 A.2d 945, 949 (Pa. Super. 2008) (holding that claims not raised in the trial court may not be raised for the first time on appeal).  Furthermore, Fahey's reliance is misplaced.  ***Cruz*** holds that proof of mental incompetence may, in certain circumstances, satisfy the "after-discovered evidence" exception to the PCRA's jurisdictional time-bar.  ***Cruz***, 852 A.2d at 297.  The PCRA time-bar exceptions are not implicated in this case.  Fahey also argues that the PCRA court should have treated his petition as an extension of his original PCRA petition.  Fahey's Brief at 12 ("[Fahey's] PCRA seeking reinstatement of his PCRA appeal rights should have been deemed an extension of his first PCRA.").  While this issue is waived for failure to raise it before the lower court, is also illogical.  Fahey could not have requested the reinstatement of his right to appeal the denial of his first PCRA petition **in** his first PCRA petition.

For these reasons, Fahey's arguments are unavailing and he is due no relief.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/2015