J-S85045-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WILLIAM M. FREDERICK | |
| Appellant | No. 1494 WDA 2017 |

Appeal from the Order entered September 5, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0010217-2012

BEFORE:   BOWES, PANELLA, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    FILED APRIL 19, 2018

Appellant, William M. Frederick, appeals pro se from the September 5, 2017 order entered in the Court of Common Pleas of Allegheny County, denying his petition for leave to file a direct appeal nunc pro tunc. Following review, we affirm.

On March 7, 2013, Appellant entered into a negotiated guilty plea to attempted murder, aggravated assault, attempted arson, and unlawful restraint.[1] The trial court imposed a sentence of 20 to 40 years in prison. Appellant did not file post-sentence motions or an appeal to this Court.

_____

[1] 18 Pa.C.S.A. §§ 901(a), 2702(a)(1), 901(a), and 2902, respectively.

On March 28, 2013, Appellant filed a petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. The PCRA court appointed counsel who filed an amended petition on June 7, 2013, alleging ineffective assistance of plea counsel and an illegal sentence.

On June 28, 2013, the PCRA court granted relief on Appellant's illegal sentence claim, vacated his sentence, and imposed a sentence of not less than ten years or more than twenty years for attempted murder as well as a consecutive sentence of not less than ten years or more than twenty years for attempted arson. In the same order, the PCRA court issued a notice in accordance with Pa.R.Crim.P. 907, advising Appellant of its intent to dismiss the remaining ineffectiveness claim without a hearing. Appellant did not file a response. By order entered September 3, 2013, the PCRA court dismissed the petition. Appellant filed an appeal to this Court. On March 19, 2014, we affirmed the PCRA court's order. Commonwealth v. Frederick, No. 1439 WDA 2013 (Pa. Super. filed March 19, 2014). On July 23, 2014, our Supreme Court denied his petition for allowance of appeal. Commonwealth v. Frederick, 100 A.3d 313 (Pa. 2014).

On August 15, 2017, Appellant filed the instant petition for leave to file an appeal nunc pro tunc, claiming as he does in this appeal, that the trial court failed to advise him of his direct appeal rights at the time of sentencing. By order entered September 5, 2017, the court denied the petition, explaining

that "on March 28, 2013, a PCRA petition was filed and subsequently resolved in the Superior Court[.] Any claims [Appellant] seeks to raise now could have been raised in his 2013 petition." Trial Court Order, 9/5/17, at 1.

Appellant filed a timely appeal to this Court. In response, the trial court issued an order in accordance with Pa.R.A.P. 1925(a), noting:

> [T]he court has receive a notice of appeal . . . and a concise statement in support of that [notice of appeal]. Neither of the claims [Appellant] plans to push forward ha[s] merit. There was a prior PCRA proceeding which was resolved in the Superior Court[.] His first claim—failure to provide notice regarding direct appeal rights—could have been raised in the prior litigation[.] The presence of the prior matter was the major force behind the court exercising its discretion and not granting a nunc pro tunc appeal.

Trial Court Order, 10/18/17, at 1 (some capitalization omitted).

Appellant asks us to consider two issues in this appeal:

> (I). Whether the court of common pleas erred in denying Appellant permission to file his notice of appeal and/or direct appeal nunc pro tunc where the sentencing court [] judge failed to properly and adequately inform him of his constitutional right to file a direct appeal in a timely manner challenging his conviction, which failure to grant Appellant permission to appeal nunc pro tunc denied him due process of law under the Pennsylvania and United States Constitution?
>
> (II). Whether the court of common pleas abused [its] discretion in not granting Appellant permission to appeal nunc pro tunc and/or not holding a hearing on said claim, which failure denied him due process of law under the Pennsylvania and United States Constitution?

Appellant's Brief at 2.

In Commonwealth v. Williams, 893 A.2d 147 (Pa. Super. 2006), this Court reiterated that "[a]n abuse of discretion standard governs our review of

the propriety of a grant or denial of an appeal nunc pro tunc." Id. at 150 (quoting Commonwealth v. Stock, 679 A.2d 760, 762 (Pa. 1996) (additional citation omitted)). Based on our review of the record, we discern no abuse of discretion on the part of the trial court in denying Appellant's petition, and doing so without a hearing. As the trial court noted, Appellant filed a timely PCRA petition in 2013 in which he could have raised his claims relating to the trial court's explanation of appeal rights at his sentencing hearing. As provided in the PCRA, an allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b) (emphasis added). Therefore, Appellant's failure to raise the issue in his prior PCRA proceeding results in waiver.

Even if not waived, however, Appellant's issues are meritless. Prior to sentencing, Appellant completed a written guilty plea colloquy and acknowledged his understanding of the ramifications of his guilty plea, see Guilty Plea Explanation of Defendant's Rights, 3/6/13, at ¶¶ 29-30; the right to file post-sentence motions and the impact of doing so, id. at ¶¶ 37-40; the right to appeal to the Superior Court upon denial of a post-sentence motion and the time for doing so, id. at ¶¶ 41-42; and the limited bases for pursuing an appeal to this Court in light of entry of a guilty plea, id. at ¶ 29.

Moreover, at Appellant's sentencing hearing, the trial court stated:

> I have to tell you about post-sentencing rights and appeal rights which are outlined pursuant to Rule 720 of the Rules of Criminal

Procedure which are effectively as follows: You would have ten days from today within which to file a written post-sentence motion. In that motion you may request relief, including a motion for judgment of acquittal, a new trial, a modification of sentence or an arrest of judgment. All requests must be made with specificity and particularity. The [c]ourt would have 120 days plus a possible 30-day extension or a maximum of 150 days to decide that motion. If it is not decided in that period, it will be deemed denied. If your post-sentence motions are deemed denied or actually denied, you would have thirty days from either such date to file an appeal with the Superior Court. In that appeal you must allege any issue or error that you believe took place during your trial or sentencing. Your failure to do so would be a waiver of any such issue.

If you choose to not file a post-sentence motion, you can file a direct appeal to [the] Superior Court of Pennsylvania within thirty days of today. In that appeal you must allege any or all issues of error that you believe took place during your trial or sentencing. Your failure to do so would be a waiver of any such issue.

If you are unable to afford the services of an attorney to file either a post-sentence motion or appeal to the Superior Court on these matters and are otherwise qualified, I will appoint counsel to represent you at no charge to you. Do you understand your rights?

Notes of Testimony, Sentencing Hearing, 3/7/13, at 9-11.

In response to the court's question, Appellant responded, "Yes, Your Honor." Id. at 11.

Appellant's issues are based on a contention that the trial court failed to advise him of his appeal rights. His contention is belied by the record. Appellant is not entitled to relief.

Finding no abuse of discretion on the part of the trial court for denying Appellant's petition, and further finding that the trial court did in fact advise Appellant of his appeal rights, we affirm the court's September 5, 2017 order.[2]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/19/2018

_____

[2] See In re Jacobs, 15 A.3d 509, n.1 (Pa. Super. 2011) ("[This Court is] not bound by the rationale of the trial court, and may affirm on any basis.").