J-S13002-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA,

                Appellee

                v.

BRIAN HOFFMAN,

                Appellant

IN THE SUPERIOR COURT
OF
PENNSYLVANIA

No. 766 WDA 2017

Appeal from the PCRA Order Entered April 27, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):
CP-02-CR-0009211-1985
CP-02-CR-0009774-1985

BEFORE:  BENDER, P.J.E., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:         FILED  MAY 13, 2019

     Appellant, Brian Hoffman, appeals from the post-conviction court's April 27, 2017 order denying reconsideration of his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We quash this appeal as untimely.

     The PCRA court summarized the background of this case as follows:

[Appellant] was charged at CC 8809211 with Criminal Homicide[,] and at CC 8509774 with Robbery, Theft by Unlawful Taking, Unauthorized Use of Automobiles, Possessing Instruments of Crime[,] and Criminal Conspiracy in relation to the 1985 stabbing death of Walter Zange.  Following the severance of his cases from those of his co-[d]efendant, Bruce Stevens, a jury trial was held before this [c]ourt from September 6-8, 1988[,] and at its conclusion, [Appellant] was convicted of first-degree murder and

_____

[*] Retired Senior Judge assigned to the Superior Court.

all other charges. He was immediately sentenced to a term of life imprisonment at CC 8509211 and subsequently appeared before this [c]ourt on December 28, 1988, when he was also sentenced to a concurrent term of imprisonment of 10 to 20 years at the Robbery charge at CC 8509774. A direct appeal was taken and the judgment of sentence was affirmed o[n] February 11, 1991. Allocatur was granted and our Supreme Court affirmed the Superior Court's judgment on July 12, 1994. [Appellant's] subsequent Petition for Writ of Certiorari to the United States Supreme Court was denied on November 28, 1994.

No further action was taken until November 14, 1996, when [Appellant] filed a pro se [PCRA] [p]etition with this [c]ourt. Counsel was appointed to represent [Appellant] and an [a]mended [p]etition was subsequently filed on May 15, 1997. After reviewing the record and giving appropriate notice of its intent to do so, this [c]ourt dismissed the [p]etition without a hearing on December 15, 1997. Following the reinstatement of [Appellant's] appellate rights nunc pro tunc, this [c]ourt's [o]rder was affirmed by our Superior Court on August 30, 1999.

Thereafter, on December 18, 2000, [Appellant] filed a pro se Petition for Writ of Habeas Corpus in the United States District Court for the Western District of Pennsylvania. It was dismissed without a hearing on March 8, 2001.

No further action was taken until May 6, 2016, when [Appellant] filed the instant [PCRA] [p]etition through Sally Frick, Esquire. After thoroughly reviewing the [p]etition and record and initially issuing a [n]otice of [i]ntent to [d]ismiss, this [c]ourt conducted an evidentiary hearing on March 16, 2017. On March 21, 2017, this [c]ourt entered an [o]rder dismissing the [p]etition. On April 19, 2017, [Appellant], through Attorney Frick, filed a [m]otion for [r]econsideration,[1] which this [c]ourt subsequently denied on April 27, 2017. Thereafter, on May 25, 2017[,] [Appellant], again through Attorney Frick, filed a [n]otice of [a]ppeal with our Superior Court.

PCRA Court Opinion (PCO), 10/17/2017, at 1-3 (footnotes omitted).

_____

[1] This filing was entitled "Petition for Reconsideration of Petition for Post-Conviction Collateral Relief with Amendment."

- 2 -

Thereafter, the PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Appellant timely complied. The PCRA court then issued its Rule 1925(a) opinion, in which it noted that Appellant had untimely filed his notice of appeal and therefore suggested that we quash his appeal. See id. at 3-4. Citing Commonwealth v. Moir, 766 A.2d 1253 (Pa. Super. 2000), the PCRA court explained that "although a party may petition the court for reconsideration, the simultaneous filing of a notice of appeal is necessary to preserve appellate rights in the event the trial court fails to grant the petition expressly within 30 days, or it denies the petition[,]" and that "an appeal from an order denying reconsideration is improper and untimely." PCO at 3-4 (citing Moir, 766 A.2d at 1254) (quotation marks and emphasis omitted). The PCRA court observed that Appellant did not file a notice of appeal within 30 days from its March 21, 2017 order dismissing his petition, but instead filed a notice of appeal on May 25, 2017 from the PCRA court's April 27, 2017 order denying his petition for reconsideration. See id. at 4; see also Pa.R.A.P. 903(a) (providing that a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"). Thus, it concluded Appellant's appeal was untimely and should be quashed. See PCO at 4.

On October 30, 2017, this Court issued a briefing schedule order, directing that Appellant's brief be filed on or before December 6, 2017. On December 14, 2017, Attorney Frick filed a motion for extension of time to file Appellant's brief, which we subsequently granted, extending the due date to

- 3 -

February 5, 2018. On March 8, 2018, after Attorney Frick failed to file a brief, we issued an order remanding the case to the PCRA court for a determination as to whether counsel had abandoned Appellant and instructing it to take further action as required to protect Appellant's right to appeal. Thereafter, the PCRA court determined that Attorney Frick had abandoned Appellant and appointed him new counsel.

On November 11, 2018, Appellant — through his newly appointed counsel — filed an application with this Court for reinstatement of his right to appeal nun pro tunc and to vacate the current briefing schedule. Therein, Appellant argued, inter alia, that "Attorney Frick's failure to file a notice of appeal within 30 days of the PCRA court's March 21, 2017 order denying the [p]etition for [r]eview constitutes ineffective assistance of counsel per se and warrants reinstatement of [Appellant's] right to appeal nunc pro tunc." Appellant's Application for Reinstatement, 11/11/2018, at 7. Given that this application for relief was pending before us, on November 21, 2018, Appellant also sought an extension of time to file his brief. On November 28, 2018, this Court issued a per curiam order, stating the following, in relevant part:

> AND NOW, upon consideration of [Appellant's] November 11, 2018, "Application for Reinstatement of Appellant's Right to Appeal Nunc Pro Tunc," and November 21, 2018, "Application for Extension of Time to File Brief for Appellant by 60 Days – Second Request," the following is now ORDERED:
>
> Appellant's "Application for Reinstatement of Appellant's Right to Appeal" is DENIED. Appellant may raise any additional claims of ineffectiveness of prior appellate counsel in a separate PCRA [petition] before the lower court. See Commonwealth v. Sepulveda, 144 A.3d 1270, 1280 (Pa. … 2016).

- 4 -

> Appellant's "Application for Extension of Time" is GRANTED such that Appellant's brief shall be due in this Court no later than January 25, 2018....

Order, 11/28/2018 (single page; some emphasis omitted).

Appellant then filed a timely brief, raising therein a single issue for our review:

> Does prior counsel's failure to perfect [Appellant's] appeal from the order dismissing his petition for relief pursuant to the [PCRA] constitute ineffective assistance of counsel per se warranting reinstatement of [Appellant's] right to appeal from the order nunc pro tunc?

Appellant's Brief at 5.

We have already disposed of this issue in our November 28, 2018 per curiam order. However, we additionally observe that "[t]he question of timeliness of an appeal is jurisdictional. In order to preserve the right to appeal a final order of the trial court, a notice of appeal must be filed within thirty days after the date of entry of that order." Moir, 766 A.2d at 1254 (citations omitted). Here, Appellant concedes that he filed his notice of appeal late.[2] He also does not allege that his failure to file a timely notice of appeal occurred because of some breakdown in the operation of the court. See

_____

[2] We note, though, that Appellant disagrees with the PCRA court that Attorney Frick's April 19, 2017 "Petition for Reconsideration of Petition for Post-Conviction Relief with Amendment" was a request for reconsideration. Appellant's Brief at 9. Instead, he says that "it appears Attorney Frick intended the document ... as an amended version of the [p]etition for [r]elief." Id. Nevertheless, he recognizes that "because the PCRA court had already dismissed the [p]etition for [r]elief, and because Attorney Frick never sought, much less obtained, leave to amend it, the document was effectively a nullity." Id. (citation omitted). Thus, he agrees that his period to appeal lapsed on April 20, 2017. See id. at 9-10.

Commonwealth v. Williams, 893 A.2d 147, 150 (Pa. Super. 2006) (noting that "an appeal nunc pro tunc is intended as a remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances[,]" and concluding that "failing to timely file a notice of appeal without some breakdown in the operation of the court … does not rise to the level of extraordinary") (citation omitted). Consequently, we do not have jurisdiction to entertain this appeal.[3]

Appeal quashed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/13/2019

---

[3] As we pointed out in our November 28, 2018 order, Appellant may raise any claims of ineffectiveness pertaining to Attorney Frick in a separate PCRA petition before the lower court. See Commonwealth v. Williamson, 21 A.3d 236, 242 (Pa. Super. 2011) (concluding that "counsel's failure to file a timely petition for allowance of appeal could be considered a newly-discovered fact for purposes of [42 Pa.C.S. §] 9545(b)(1)(ii)").