J-S28002-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| IVAN LOPEZ-DIAZ, SR. | : | |
| | : | |
| Appellant | : | No. 1474 MDA 2021 |

Appeal from the Judgment of Sentence Entered September 24, 2021
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0006408-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| IVAN LOPEZ-DIAZ, SR. | : | |
| | : | |
| Appellant | : | No. 1475 MDA 2021 |

Appeal from the Judgment of Sentence Entered September 24, 2021
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0006413-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| IVAN LOPEZ-DIAZ, SR. | : | |
| | : | |
| | : | No. 1476 MDA 2021 |

Appeal from the Judgment of Sentence Entered September 24, 2021
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0006414-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

J-S28002-22

|  | : | |
|---|---|---|
| v. | : | |
| | : | |
| | : | |
| | : | |
| IVAN LOPEZ-DIAZ SR. | : | |
| | : | |
| Appellant | : | No. 1477 MDA 2021 |

Appeal from the Judgment of Sentence Entered September 24, 2021
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0003372-2020

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| IVAN LOPEZ-DIAZ, SR. | : | |
| | : | |
| Appellant | : | No. 1478 MDA 2021 |

Appeal from the Judgment of Sentence Entered September 24, 2021
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0000486-2021

BEFORE:  OLSON, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY OLSON, J.:                **FILED:  SEPTEMBER 9, 2022**

Appellant, Ivan Lopez-Diaz, Sr., appeals from the judgment of sentence at five separate criminal dockets entered on September 24, 2021[1] following his open guilty pleas to three counts of possession with intent to deliver

---

[1] The judgment of sentence was made final by the denial of Appellant's post-sentence motion on October 4, 2021.  Here, counsel for Appellant filed five separate notices of appeal, each listing the five trial court docket numbers associated with the September 24, 2021 order.  Accordingly, we deem this appeal to be compliant with the decision of our Supreme Court in ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), as interpreted by this Court in ***Commonwealth v. Johnson***, 236 A.3d 1141 (Pa. Super. 2020) (*en banc*).

- 2 -

narcotics (heroin/fentanyl), two counts of criminal use of a communication facility, seven counts of theft by deception, and three counts of criminal conspiracy.[2] For the reasons that follow, we are constrained to quash the appeal.

On June 14, 2021 and July 14, 2021, Appellant entered open guilty pleas to the aforementioned charges. Following the receipt of a pretrial investigation report, the trial court sentenced Appellant on all charges on September 24, 2021 to an aggregate term of seven-and-one-half to 15 years of incarceration. On October 4, 2021, Appellant filed a post-sentence motion. The trial court denied relief by order entered on October 4, 2021. On November 5, 2021, Appellant filed an untimely notice of appeal. On November 17, 2021, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days. Appellant filed a concise 1925(b) statement on December 9, 2021, one day late. On January 4, 2022, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

On appeal, Appellant presents the following issues for our review:

I.   Did the sentencing court err in denying Appellant's post[-]sentence motion [by failing to consider] mitigating factors [and] misapplying the sentencing guidelines, resulting in an abuse of discretion when it handed down an aggregate sentence of not less than seven and one[-]half nor more than fifteen years [of] incarceration?

---

[2] 35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. § 7512, 18 Pa.C.S.A. § 3922, and 18 Pa.C.S.A. § 903, respectively.

II.     Did the sentencing court err in its determination [that] Appellant [is] ineligibl[e] for participation in the [Commonwealth's] drug treatment program?[3]

Appellant's Brief at 7 (complete capitalization omitted).

Before we address the merits of Appellant's appeal, we recognize that "[t]he question of timeliness of an appeal is jurisdictional. In order to preserve the right to appeal a final order of the trial court, a notice of appeal must be filed within thirty days after the date of entry of that order." *Commonwealth v. Moir*, 766 A.2d 1253, 1254 (Pa. Super. 2000); *see also* Pa.R.A.P. 903(a) (providing that a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"). If a defendant files a timely post-sentence motion, the appeal period does not begin to run until the motion is decided. Pa.R.Crim.P. 720(A)(2)(a); Pa.R.A.P. 903(a). Here, the trial court imposed judgment of sentence on September 24, 2021 and Appellant filed a timely post-sentence motion on October 4, 2021. The trial court denied Appellant's post-sentence motion on the same day. As such, Appellant had 30 days from October 4, 2021, or until November 3, 2021, to file a notice of appeal. Appellant, however, did not file his notice of appeal until November 5, 2021 and counsel concedes that it was untimely. *See* Trial Court Opinion, 1/4/2022, at 6 (Appellant's notice of appeal "is untimely in that it was filed thirty-two days after the order of [] court dated October 4, 2021."); *compare*

---

[3] Appellant concedes that "upon careful and further review[,]" his "challenge to the [trial c]ourt's determination of ineligibility for the State Drug Treatment Program [] admittedly lacks merits[.]" Appellant's Brief at 12; *see also id* at 27 ("Appellant concedes that this claim does ultimately lack merit.").

- 4 -

Appellant's Brief at 16 ("Counsel [] admits that the notice of appeal was filed thirty[-]three days after the [s]entencing [c]ourt denied the [p]ost[-s]entence [m]otion [and] understands that the untimely notice of appeal is jurisdictional in nature."). Moreover, we have previously determined:

> Time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace. This Court can raise the matter *sua sponte*, as the issue is one of jurisdiction to entertain the appeal. Absent extraordinary circumstances, this Court has no jurisdiction to entertain an untimely appeal.

***Commonwealth v. Burks***, 102 A.3d 497, 500 (Pa. Super. 2014) (internal citations omitted). An extension of time for filing a notice of appeal is permitted only in extraordinary circumstances such as fraud or a breakdown in the operations of the court.[4] ***Id.***, *citing* ***Commonwealth v. Braykovich***, 664 A.2d 133 (Pa. Super. 1995); ***see also Commonwealth v. Williams***, 893 A.2d 147, 150 (Pa. Super. 2006) ("[F]ailing to timely file a notice of appeal without some breakdown in the operation of the court [] does not rise to the level of extraordinary."). Finding Appellant failed to demonstrate

---

[4] In this case, Appellant filed a late notice of appeal without asking the trial court for *nunc pro tunc* relief and without offering an excuse to the trial court for the untimely filing. For the first time on appeal, counsel for Appellant avers that he contracted Covid-19 during the last week of September 2021, was bed-ridden, mistakenly computed the filing deadline, and did not check the on-line docket to view the properly filed order denying post-sentence relief before filing a late notice of appeal. **See** Appellant's Brief at 15-16. Hence, the trial court did not determine whether the late filing resulted from extraordinary circumstances. As a reviewing court, we may not make that determination for the first time on appeal. **See** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

extraordinary circumstances in this matter, we conclude that this Court does not have jurisdiction to entertain this appeal.

Appeal quashed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 09/09/2022