**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Charles A. LINDEY, Appellee.**

Superior Court of Pennsylvania.

Submitted June 5, 2000.
Filed Sept. 22, 2000.

---

17. No one is asserting that Appellant crashed the vehicle consciously after consideration of the fact that he could only be given one sentence regardless of how many people he injured or killed in the process.

Randa B. Clark, Asst. Dist. Atty., Butler, for Commonwealth, appellant.

J. Stevenson Suess, Butler, for appellee.

BEFORE: McEWEN, President Judge, DEL SOLE, J. and OLSZEWSKI, J.

DEL SOLE, J.:

¶ 1 The Commonwealth takes this appeal from a trial court order granting Appellee Charles Lindey's request for an appeal *nunc pro tunc* from his 1984 conviction of indecent exposure following his guilty plea with the district justice and which allows the case to be heard *de novo* before a Court of Common Pleas judge. The Commonwealth claims the reasons provided by the court for its actions are not valid grounds for the grant of *nunc pro tunc* relief. We reverse.

¶ 2 Before we consider the merits of the Commonwealth's claim we must

determine whether this appeal is properly before us for review. Although neither party raises the matter, questions of jurisdiction may be raised *sua sponte*. *Commonwealth v. Allburn*, 721 A.2d 363 (Pa.Super.1998). The order granting a request for a *nunc pro tunc* appeal from a conviction at the district justice level to the Court of Common Pleas cannot be considered final under Pa.R.A.P. 341. It clearly does not end the litigation of this matter. However, we find we have jurisdiction to consider this appeal as an interlocutory appeal as of right under Pa.R.A.P. 311(a)(6), which allows an appeal as of right from an order awarding a new trial. The trial court's grant of the *nunc pro tunc* appeal from the conviction at the district justice level allowed the case to proceed to a *de novo* trial before the Court of Common Pleas. This action, in effect, is the grant of a new trial. The Commonwealth has a right to have this order reviewed. Absent such a right the case may proceed to trial and, in the event the Appellee is found not guilty of the charges, the Commonwealth will never have an opportunity to challenge the propriety of the trial court's actions which allowed the case to be opened and tried.

¶ 3 We now consider whether it was appropriate for the trial court to grant a *nunc pro tunc* appeal in this case. The trial court set forth the following rationale for its decision:

> . . .Petitioner had gone to school to be a teacher and graduated with proper credentials to allow him to teach in the Pennsylvania school system. At the time the actor pled guilty, the crime of indecent exposure did not prevent an individual from securing a teaching position in the Commonwealth of Pennsylvania. However, between that time and this time, when the actor attempted to apply for a teaching position, he was presented with information that indicated that a crime of indecent exposure would now bar him from being considered for teaching positions in Pennsylvania. When the law in effect in 1984 did not provide for any bar to teaching for this conviction, the new law with retroactive effect has created an ex post facto scenario that prejudices the defendant.

> The Court determines that this amounts to a breakdown in our judicial system and that the matter can only be rectified by allowing a nunc pro tunc appeal for the Petitioner.

Trial Court Opinion at 1–2.

¶ 4 While it may be true that application of this law to Appellee's situation is unjust, the grant of a *nunc pro tunc* appeal from this conviction is inappropriate. Appellee pled guilty to a misdemeanor at the district justice level. The Rules of Criminal Procedure grant a district justice the authority to accept a plea of guilty where a full inquiry is made to determine whether the plea is entered knowingly, voluntarily and intelligently. Pa.R.Crim.P. 149. At the hearing in this matter Appellee claimed that he never met with the magistrate and was never questioned about the plea. Further, he claimed he believed he was entering a guilty plea to a summary offense. The trial court never commented on these claims made by Appellee, but held he was entitled to a *nunc pro tunc* appeal because of the change of the law which now provides a serious consequence to a conviction for indecent assault, which did not earlier exist.

¶ 5 The authority to appeal from a conviction before a district justice and to proceed with a *de novo* trial in the Court of Common Pleas, applies only to summary proceedings. *See* Pa.R.Crim.P. 86. This was not a summary proceeding. Appellee pled guilty to a misdemeanor. He did not have a right to a *de novo* review at the time he entered his plea. The trial court cannot *nunc pro tunc* grant him a right now that was not available to him then.

¶ 6 The trial court deemed the circumstances of this case to warrant some relief for Appellee. Unfortunately, the

grant of a *nunc pro tunc* appeal is not a form of relief available where Appellee was not convicted of a summary offense. As the Commonwealth suggests, it may be appropriate for Appellee to present his circumstances to the governor and seek a pardon. However, we cannot uphold the relief afforded Appellee by the trial court.

¶ 7 Order reversed. Jurisdiction relinquished.