**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**John WHITE, Appellant.**

Superior Court of Pennsylvania.

Submitted April 2, 2002.
Filed Aug. 14, 2002.

Lawrence J. DiAngelus, Media, for appellant.

Vram Nedurian, Asst. Dist. Atty., Media, for Commonwealth, appellee.

Before: McEWEN, P.J.E., STEVENS, J., and OLSZEWSKI, J.

STEVENS, J.

¶ 1 This is an appeal from the order entered in the Court of Common Pleas of Delaware County on September 4, 2001, which, following an evidentiary hearing, denied Appellant's petitions for leave to appeal *nunc pro tunc*. We affirm.

¶ 2 The relevant facts and procedural history of this case are as follows: On February 24, 1999, and November 8, 1999, Appellant was issued traffic citations for driving a motor vehicle while his operating privileges were suspended.[1] The fines imposed for the violations were paid to the District Court by Appellant's father and guilty pleas were duly entered on February 16, 2001 and February 26, 2001 respectively.[2] Thereafter, on June 1, 2001, Appellant filed a petition in each case seeking to appeal his summary convictions *nunc pro tunc*. Following an evidentiary hearing on the matter and the submission of legal memorandum by the parties, the court, by order dated September 4, 2001, denied Appellant's petitions. The present appeal followed.

¶ 3 Herein, Appellant contends that the District Justices' failure to notify him of his adjudication of guilt, his right to appeal his summary convictions, the time period within which an appeal had to be taken, and the method of perfecting an appeal amounted to extraordinary circumstances thereby necessitating a grant of leave to appeal *nunc pro tunc*. Appellant claims that the court erred in failing to allow him such leave to appeal.

¶ 4 An abuse of discretion standard governs our review of the propriety of a grant or denial of an appeal *nunc pro tunc*. *Union Electric Corp. v. Board of Property Assessment*, 560 Pa. 481, 746 A.2d 581 (2000). An appeal *nunc pro tunc* is intended to be an extraordinary remedy to vindicate the right to an appeal where that right has been lost due to some extraordinary circumstance. *See Commonwealth v. Stock*, 545 Pa. 13, 679 A.2d 760 (1996). Thus, the pertinent question in this review is whether the right to appeal from his summary convictions was denied Appellant by extraordinary circumstances not of his doing so as to merit the remedy of an appeal *nunc pro tunc. Id.*

¶ 5 An individual has a constitutional right to appeal to a court of record a determination rendered by a court not of record. *Id.* Pa.R.Crim.P. 403(B)(6) provides that the copy of a citation delivered to a defendant shall contain a notice to the defendant informing him that, if convicted, he may appeal within 30 days for a trial *de novo*. Pa.R.Crim.P. 403(B)(6).[3] *See also* Pa.R.Crim.P. 460.[4]

¶ 6 At the evidentiary hearing held on August 1, 2001, Appellant acknowledged that he had a copy of the citations in question, N.T. 8/1/01 at 18, and stated, "I saw them, but I never read them." *Id.* at 19. Appellant further acknowledged that he was aware his father forwarded checks to the District Court in order to pay the fines for his traffic citations. He contends that he received no notification from the court evidencing his adjudication of guilt. Appellant concedes, *inter alia*, however,

---

1. 75 Pa.C.S.A. § 1543(a).

2. It is noted that the above charges came before different District Justices.

3. Rule 403 was formerly Rule 53.

4. Rule 460 was formerly Rule 86.

that, although a defendant who is found guilty following a summary trial and one who is tried in *absentia* and found guilty must be notified of his conviction and sentence pursuant to Pa.R.Crim.P. 454[5] and Pa.R.Crim.P. 455[6] respectively, "[t]here appears to be no similar protection for a defendant who pleads guilty by mailing money to the district justice equal to the fines and costs. In such a situation the only notification that is provided to a defendant is that which is written on the citations." Brief of Appellant at 11.

¶ 7 In the present case, Appellant received the required notice of his right to appeal when he received the citations in question. The Rules of Criminal Procedure contain no requirement that a defendant who pleads guilty by forwarding the necessary fine be notified of his right to appeal, and we will impose no such requirement.

¶ 8 As noted by the trial court, "the record before the Court failed to establish that [Appellant's] failure to file timely appeals in these matters was due to fraud or a breakdown of the Court system or that he acted promptly to seek relief from the entry of his guilty pleas." Order dated 11/14/01. Finding no extraordinary circumstance that prevented Appellant from appealing his summary convictions, we conclude that the trial court did not abuse its discretion in denying Appellant's petitions for leave to appeal *nunc pro tunc*; therefore, we affirm.

¶ 9 Affirmed.

---

5.  Rule 454 was formerly Rule 83.

6.  Rule 455 was formerly Rule 84.