J-S32008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MWAVUA MSHIMBA, | |
| Appellant | No. 2871 EDA 2015 |

Appeal from the Order of August 28, 2015
In the Court of Common Pleas of Pike County
Criminal Division at No(s): CP-52-SA-0000030-2015

BEFORE: BOWES, MUNDY AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                                     **FILED MAY 19, 2016**

Mwavua Mshimba appeals *pro se* from the August 28, 2015 order granting the Commonwealth's motion to dismiss his summary appeal as untimely filed and denying him *nunc pro tunc* relief. We affirm.

The record reveals the following. On March 23, 2015, Pennsylvania State Police Trooper Derek Thomas issued a citation to Appellant for driving while his operating privileges were suspended.[1] He was convicted *in absentia* of the latter summary offense on May 21, 2015, by Magisterial

---

[1] Appellant represents that he initially was stopped for speeding and received a citation for that offense. He avers that when a check of his license revealed that his license was suspended, the trooper issued a second citation for that violation. These facts, however, are not contained in the certified record.

\* Retired Senior Judge assigned to the Superior Court.

District Judge Shannon L. Muir, and fined $200.00, and assessed costs of $111.50.[2]

On July 15, 2015, Appellant filed an appeal to the court of common pleas from his summary conviction. Since the appeal was filed fifty-five days after the conviction, and outside the thirty-day appeal period under Pa.R.Crim.P. 460, the Commonwealth moved to dismiss the appeal as untimely. The trial court entertained argument on the motion on August 26, 2015, and thereafter granted the Commonwealth's motion to dismiss.[3] Appellant filed a motion for reconsideration on September 15, 2015, which the court denied on September 22, 2015. Appellant filed a timely notice of appeal to this Court on September 23, 2015, and complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court filed its Rule 1925(a) opinion on November 24, 2015, and the matter is ripe for our review.

Appellant presents two questions:

[I.] Whereas the Appellant gave statement in the [l]ower court that he was told to file only the [c]ivil appeal at the Prothonotary office of the Court of Common Pleas, of which instruction he followed only to be told that he has to file for both of them,

---

[2] Appellant maintains that due to high blood pressure, he experienced medical problems that caused him to arrive late for the scheduled hearing. Again, these facts are not of record.

[3] The order dated August 26, 2015 was entered on the docket on August 28, 2015.

when the time for timely filing had passed, this made the Appellant lose his right to appeal and should be granted the chance to file on the basis of *nunc pro tunc.*

[II.] Also, considering the fact that the [A]ppellant reasoning and reasons for filing late were not being heard or understood by the Honorable judge, as portrayed in the transsripts.[sic] The [A]ppellant should be entitled to a fresh hearing.

Appellant's brief at 3-4.

We view Appellant's opposition to the Commonwealth's motion to dismiss the untimely summary appeal as a request by Appellant for *nunc pro tunc* relief. Our scope and standard of review from an order granting or denying a motion to appeal *nunc pro tunc* is as follows:

[T]he allowance of appeal nunc pro tunc is within the sound discretion of the trial court, and our scope of review of a decision of whether to permit an appeal nunc pro tunc is limited to a determination of whether the trial court has abused its discretion or committed an error of law. Orders granting or denying [a] petition to appeal nunc pro tunc are reversible [only] in instances where the court abused its discretion or where the court drew an erroneous legal conclusion.

*Commonwealth v. Yohe*, 641 A.2d 1210, 1211 (Pa.Super. 1994) (citations and internal quotation marks omitted). *Nunc pro tunc* relief is "intended to be an extraordinary remedy to vindicate the right to an appeal where that right has been lost due to some extraordinary circumstance." *Commonwealth v. White*, 806 A.2d 45, 46 (Pa.Super. 2002). (citation omitted). Such extraordinary circumstances include fraud or a breakdown in the court's operation due to some "default of its officers. *Cook v. Unemployment Comp. Bd. Of Review*, 671 A.2d 1130, 1131 (Pa. 1996).

- 3 -

At the hearing to determine whether Appellant's failure to comply with the thirty-day appeal period should be excused and he should be permitted to appeal *nunc pro tunc*, Appellant offered the following. He established that this citation was heard on May 21, 2015, but "[a]t that time, I sort of didn't go to Court." N.T. Hearing, 8/26/15, at 6. In an effort to excuse his late filing of an appeal from that conviction, he alluded to another charge that would result in loss of his driving privileges. He stated that, when he went to the court of common pleas to file his appeal, he was told by a clerk that he could forget about the instant citation, "so I filed for the main one, that is, [reinstatement of] my driving license." *Id*. at 6. When a warrant for his arrest issued due to non-payment of the $311 fine, he stated that he told the sheriff that he had filed an appeal. Appellant attributed his untimeliness to "confusion which started from the Court of Common Pleas and the instruction I was given by Court of Common Pleas to file the appeal for my license to be reinstated." *Id*. at 7. He asked that he be given a hearing on the citation. *Id*. When the court asked if he had any other explanation for not filing the appeal within the thirty-day period, Appellant stated:

> The only reason I thought that after filing the first appeal I was done with - - I mean, I was filing for the whole citation, for the total citation. It's when I received this notification here on July 7th saying that I should pay the fine of $311.50 that's when I came to the Court again, to the Court of Common Pleas again, asking them why am I being asked to file another - - I need to pay this one here why I filed another citation – I mean another appeal.

So, they have no reason at all, because I was arrested completely knowing that I already filed a complete appeal for the whole citation.

N.T. Hearing, 8/26/15, at 8.[4]

The thrust of Appellant's appeal is that he was misadvised by court personnel and that this satisfies the good cause exception for a *nunc pro tunc* appeal. His brief contains no argument. He cites two cases and one statute but does not analyze their applicability to the facts herein. Appellant's brief is woefully inadequate and we could dismiss this appeal on that basis alone. However, since we are able to discern Appellant's issue, we will address it on the merits. *See generally Commonwealth v. Lyons*, 833 A.2d 245, 252 (Pa.Super. 2003) (reaching merits of issues that could be discerned in non-compliant brief).

Preliminarily, the Commonwealth points out that Appellant offered a different excuse in his motion for reconsideration for the tardiness of his

_____

[4] Immediately after the hearing on the Commonwealth's motion herein, the court heard a summary appeal filed by Appellant at No. 19 of 2015, which involved a March 25, 2015 traffic citation. On that date, State Police Trooper James Sohns was following the car registered to Appellant when he observed that, although it was raining, the windshield wipers, headlights, and taillights were not activated. One brake light was inoperative. A check on the vehicle indicated that its owner, Appellant herein, had a suspended driver's license. N.T. Hearing, 5/21/15, at 10. He initiated a traffic stop and issued citations for periods for required lighted lamps and for driving while under a suspension. The latter citation was withdrawn prior to the hearing as Appellant cured the suspended license. Appellant's summary appeal on the remaining citation was sustained and the citation dismissed. *Id*. at 24.

appeal. He maintained therein that he "followed the instructions given to him at the Magistrates office, and that those instructions were to file notice of appeal on the conviction." Motion for Reconsideration, 9/15/15, at ¶3. The Commonwealth suggests that these inconsistencies "cast doubt about the Appellant's accuracy in his statements to the Court." Commonwealth brief at 7.

While acknowledging that the court can grant *nunc pro tunc* relief where a party has been prevented from timely appealing due to fraud or a wrongful or negligent act of a court official, the Commonwealth contends that Appellant demonstrated only his own confusion, not any fraud or negligence on the part of any court employee. It points to Appellant's failure to explicitly convey who gave him instructions, the content of the instructions, and that the instructions were incorrect. The Commonwealth maintains further that Appellant's *pro se* status does not excuse him from following the same rules as represented defendants. ***See Commonwealth v. Blakeney***, 108 A.3d 739 (Pa.Super. 2014).

It is undisputed that Appellant's summary appeal was untimely filed. ***See*** Pa.R.Crim.P. 460 (requiring appeal from conviction or other final order to be filed within thirty days). Nonetheless, the court properly did not summarily dismiss Appellant's appeal without an opportunity to explain his untimeliness. ***See Commonwealth v. Alaouie***, 837 A.2d 1190 (Pa.Super. 2003) (concluding it was error to dismiss the defendant's summary appeal

- 6 -

without entertaining his explanation for its untimeliness and viewing his offer of an explanation as a request for *nunc pro tunc* relief). The court concluded that Appellant simply did not provide any reason other than his "confusion regarding the co-pendency of this matter with 875-2015 CV." Trial Court Opinion, 11/24/15, at 3.

The record does not establish fraud or a breakdown in the operation of the court. At the hearing, Appellant could not identify who purportedly gave him incorrect advice or of what it consisted. The focus of an inquiry whether there has been a breakdown in the court's operations is on the conduct of the court and its officers. ***See e.g. Nagy v. Best Home Servs.***, 829 A.2d 1166, 1168 (Pa.Super. 2003) (finding a breakdown in the Prothonotary's failure to time-stamp and docket a timely filed but defective appeal). The trial court was not convinced that Appellant's tardiness was due to anything other than his own confusion. We find no abuse of discretion as Appellant's attempt to assign blame to anonymous court personnel was vague and insufficient to support a finding of either fraud or a breakdown in court operations.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/19/2016