J-S34011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| TODD GREGORY SERFASS | |
| Appellant | No. 3291 EDA 2016 |

Appeal from the Judgment of Sentence September 22, 2016
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-SA-0000115-2016

BEFORE:  BOWES, SOLANO, AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED AUGUST 07, 2017**

Todd Gregory Serfass appeals from the judgment of sentence of ninety days incarceration imposed following his trial *de novo* conducted *in absentia*. Since Appellant did not file a timely initial appeal, we find that the Court of Common Pleas did not have jurisdiction to hear the case and therefore vacate the judgment of sentence with instructions.

Trooper Thomas Keegan cited Appellant for driving with a suspended license (DUI-related).  On June 9, 2016, the magisterial district judge found Appellant guilty and imposed a sentence of sixty days incarceration.[1]

---

[1] The docket for that proceeding indicates that the matter was postponed in order for Appellant to retain counsel.

* Retired Senior Judge specially assigned to the Superior Court.

On July 15, 2016, Appellant filed an untimely notice of appeal *pro se* to the court of common pleas, as delineated *infra*. Appellant appeared for trial on September 22, 2016, but left the courtroom and failed to return. The trial court proceeded in Appellant's absence without counsel representing Appellant's interests.[2] At the close of the Commonwealth's case, the trial court found Appellant guilty, immediately sentenced him to ninety days incarceration, and issued a bench warrant.

The trial court thereafter cleared the warrant and set bond. Appellant filed a timely appeal, and the trial court and Appellant complied with Pa.R.A.P. 1925. Appellant presents the following issues for our review:

I. Did the [trial court] err in proceeding to a trial *in absentia*?

II. Did the [trial court] err in setting bail as if it were an issuing authority where it is not[?]

Appellant's brief at 5.

_____

[2] The trial court's opinion states that, if Appellant had remained for trial, he may have been entitled to counsel from the public defender's office. The record does not indicate whether or not Appellant was indigent. While we dispose of this matter on a jurisdictional basis, we remind the trial court that Pa.R.Crim.P. 122 requires appointment of counsel for indigent persons in all cases where there is a likelihood that imprisonment will be imposed. Additionally, the imposition of any period of incarceration is not permitted if the defendant was not represented by counsel. **Argersinger v. Hamlin**, 407 U.S. 25 (1972) (absent valid waiver, no person may be imprisoned unless represented by counsel at trial). Furthermore, a loss of the right to be present for one's trial is distinct from the loss of counsel at that proceeding. **See Commonwealth v. Basemore**, 582 A.2d 861, 863 (Pa. 1990) (defendant barred from courtroom due to his behavior; trial counsel continued to represent defendant).

The timeliness of an appeal relates to the court's jurisdiction to hear the case. *In re Adoption of W.R.*, 823 A.2d 1013, 1015 (Pa.Super. 2003). We may raise questions of jurisdiction *sua sponte*. *Commonwealth v. Lindey*, 760 A.2d 416, 418 (Pa.Super. 2000).

The initial appeal to the court of common pleas was filed on July 15, 2016, thirty-six days after the magisterial verdict was entered. Pennsylvania Rule of Criminal Procedure 460 states, in pertinent part:

> (A) When an appeal is authorized by law in a summary proceeding, including an appeal following a prosecution for violation of a municipal ordinance that provides for imprisonment upon conviction or upon failure to pay a fine, an appeal shall be perfected by filing a notice of appeal within 30 days after the entry of the guilty plea, the conviction, or other final order from which the appeal is taken. The notice of appeal shall be filed with the clerk of courts.

Pa.R.Crim.P. 460. This rule "provide[s] the exclusive means of appealing from a summary guilty plea or conviction." Pa.R.Crim.P. 460(E). If the appeal has been perfected, "the case shall be heard *de novo* by the judge of the court of common pleas sitting without a jury." Pa.R.Crim.P. 462(A).

Presently, Appellant's notice was untimely, and he did not seek permission to file the appeal *nunc pro tunc*. *See Commonwealth v. Yohe*, 641 A.2d 1210, 1211-12 (Pa.Super. 1994) (party seeking leave to appeal from summary conviction *nunc pro tunc* required to show that delay was caused by extraordinary circumstances, and that relief was promptly sought). Appellant did not acknowledge the late notice or offer any reason

- 3 -

justifying the untimely filing. *See Commonwealth v. Alaouie*, 837 A.2d 1190, 1193 (Pa.Super. 2003) (remanding for evidentiary hearing, construing appellant's explanation for untimely notice of appeal as request for *nunc pro tunc* relief).

The trial court's opinion acknowledged the appeal was improperly filed but indicates that the conviction should nevertheless be affirmed, as the untimely notice "can result in a dismissal[.]" Trial Court Opinion, 11/17/16, at 5-6. However, a court may not extend the time for an appeal. *Commonwealth v. Coolbaugh*, 770 A.2d 788, 791 (Pa.Super. 2001). Thus, the trial court's ability to adjudicate the case was not discretionary.

Since the court of common pleas had no jurisdiction to hear the appeal, we vacate judgment of sentence and remand with instructions to quash the appeal and enter judgment as entered by the magisterial district judge.

Judgment of sentence vacated. Case remanded for further proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/7/2017

- 4 -