J-S56007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| JUSTIN M. CREDICO | |
| Appellant | No. 841 EDA 2017 |

Appeal from the Order February 14, 2017
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0001148-2011

BEFORE:  BOWES, STABILE, AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED SEPTEMBER 27, 2017**

Justin M. Credico appeals *pro se* from the order denying his motion for leave to appeal *nunc pro tunc*.  We affirm.

The trial court ably set forth the relevant procedural and factual history as follows:

> On November 30, 2011, after a non-jury trial, Appellant was convicted of two counts of harassment.  18 Pa.C.S.A. § 2709(a).  He was sentenced on December 11, 2011 to serve 146 days to 12 months, was given credit for time served, and was granted parole that day.  His appeal of his judgment of sentence was dismissed by the Superior Court on March 5, 2012, after Appellant failed to file a docketing statement as is required by Pa.R.A.P. 3517.
>
> On July 2, 2012, Appellant was found to be in violation of his parole and his parole was revoked.  He was reparoled that same date, with the condition that he undergo a mental health examination within 15 days.

* Retired Senior Judge specially assigned to the Superior Court.

On September 27, 2013, Appellant was again found to be in violation of his parole. At the hearing held on that date he was given credit for the 12 months and 10 days that he had spent in custody and was released from custody. In addition, the detainer against him was removed and his case closed.

On February 2, 2016, Appellant filed in [the trial court] a "petition for writ of error *coram nobis*." In it Appellant wished to raise the defense of entrapment to his original charges. Since an action under the Post-Conviction Relief Act is the sole means of obtaining collateral relief, 42 Pa.C.S.A. § 9452, and since Appellant was not eligible for PCRA relief in that he had completed serving his sentence in its entirety, 42 Pa.C.S.A. § 9543(a)(1)(i), we denied his petition on February 16, 2016.

Appellant appealed our order of February 16, 2016. On May 6, 2016, the Superior Court dismissed Appellant's appeal after he again failed to file a Pa.R.A.P. 3517 docketing statement.

On January 17, 2017, Appellant filed with [the trial court] a motion for leave to appeal *nunc pro tunc*, requesting yet another opportunity to appeal the order of February 16, 2016.

Trial Court Opinion, 5/18/17, at 1-2. The trial court denied Appellant's motion for *nunc pro tunc* relief. Appellant filed a timely notice of appeal to this Court. The trial court did not direct Appellant to file a Rule 1925(b) concise statement of errors complained of on appeal, but it authored a Rule 1925(a) opinion. This matter is now ready for our review.

Appellant presents one issue for our consideration: "When the [trial court's] known address for a defendant is incorrect, and not the cause or fault of the defendant, causing the defendant to miss orders[,] opinions[,] and deadlines, does such an error satisfy the "extraordinary circumstances"

necessary for *nunc pro tunc* appeal and/or equitable tolling? Appellant's brief at 4.

We review an order denying a motion to reinstate appellate rights *nunc pro tunc* for an abuse of discretion. ***Commonwealth v. Williams***, 893 A.2d 147, 150 (Pa.Super. 2006). *Nunc pro tunc* relief is "intended to be an extraordinary remedy to vindicate the right to an appeal where that right has been lost due to some extraordinary circumstance." ***Commonwealth v. White***, 806 A.2d 45, 46 (Pa.Super. 2002) (citation omitted). We have previously held that such extraordinary circumstances include "fraud or some breakdown in the processes of the court." ***Commonwealth v. Braykovich***, 664 A.2d 133, 136 (Pa.Super. 1995).

Appellant avers that from November 2011 until 2017, the trial court listed his address as Chester County Prison. However, since he was released from prison in 2012, he no longer received mail at that address. Appellant argues that the court failed to explain to him that he was required to notify the clerk of courts of his release from prison in order to update his official address. As such, he maintains that he did not receive any correspondence from this Court regarding his appeals, causing his cases to be dismissed. Appellant concludes that the court's error constitutes a breakdown in the processes of the court, and thus, the trial court erred in denying his motion for leave to appeal *nunc pro tunc*.

The trial court observed that *nunc pro tunc* relief was appropriate "when the right to an appeal has been lost due to some extraordinary circumstance not of a defendant's own doing." Trial Court Opinion, 5/18/17, at 4 (citing **Commonwealth v. White**, 806 A.2d 45, 46 (Pa.Super. 2002). Implicitly, the court determined that Appellant's failure to notify the court of his new mailing address upon release from prison did not constitute a breakdown in the court's processes, and thus, *nunc pro tunc* relief was not warranted. We agree.

At the time of sentencing, the court had a duty to advise Appellant of, among other things, his "right to file a post-sentence motion and to appeal, of the time within which [he] must exercise those rights, and of the right to assistance of counsel in the preparation of the motion and appeal." Pa.R.Crim.P. 704(C)(3)(a). The Rules of Criminal Procedure did not require the court, as Appellant suggests, to inform him that he bore the burden of contacting the court when he was released for prison in order to update his mailing address. Rather, the duty to ensure that the court has an accurate and up-to-date address is shouldered by the defendant. Contrary to Appellant's assertions herein, his failure to apprise the court of an accurate home address was not a breakdown in the processes of the court. Thus, the trial court did not abuse its discretion in denying Appellant's motion for leave to appeal *nunc pro tunc*.

Order affirmed.

- 4 -

Judge Platt joins the memorandum.

Judge Stabile concurs in the result.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: *9/27/2017*