J-S42002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                                   :                  PENNSYLVANIA
                                                   :
                    v.                             :
                                                   :
                                                   :
ALEXIS NICOLE RIVERA                  :
                                                   :
                Appellant                      :   No. 394 MDA 2018

Appeal from the Judgment of Sentence January 31, 2018
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0000080-2018

BEFORE:   BOWES, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY BOWES, J.:                          **FILED AUGUST 17, 2018**

Alexis Nicole Rivera appeals from the aggregate judgment of sentence of a $100 fine and court costs imposed after she pled *nolo contendere* to unauthorized school bus entry.  Appellant's counsel has filed a petition to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We affirm the judgment of sentence and grant counsel's petition to withdraw.

The Commonwealth charged Appellant with unauthorized entry on a school bus with refusal to disembark after the bus driver ordered her to do so in violation of 18 Pa.C.S. § 5517(a) (providing, *inter alia*, that one who enters a school bus without prior authorization and refuses to disembark upon the order of the driver commits a misdemeanor of the third degree).

---

*   Retired Senior Judge assigned to the Superior Court.

On January 18, 2018, Appellant appeared before the trial court to enter a negotiated guilty plea, under which the Commonwealth would forego confinement, and Appellant would be sentenced to a fine to be determined by the court.[1]  When asked during the oral plea colloquy, Appellant indicated that she had asked the driver if she could talk to him about her daughter being bullied, that the driver agreed but told her not to cross a certain line, that they discussed the situation, and that she left the bus after the driver told her to "shoo" four times.  N.T. Plea/Sentencing, 1/31/18, at 6.  The trial court rejected the plea on the basis that Appellant did not admit that her entry on the bus was unauthorized.  *Id*. at 6-7.

After a recess, Appellant indicated that she wished to change her plea to *nolo contendere*.  *Id*. at 8.  The trial court explained the difference between pleas of guilty and *nolo contendere*, the Commonwealth stated the factual basis for the plea, and Appellant affirmed her plea of no contest, apologizing and indicating that she would have instead discussed her concerns with the principal had she known embarking on the bus was criminal.  *Id*. at 9.  The trial court accepted the *nolo contendere* plea and imposed a sentence of a $100 fine and costs.  Sentencing Order, 1/31/18.

On February 20, 2018, Appellant filed a motion requesting leave to file a post-sentence motion *nunc pro tunc*.  Therein she indicated that she wished

---

[1] The maximum sentence Appellant faced was one year imprisonment and a fine of $2,500.  Written Plea Colloquy, 1/31/18, at 2.

to withdraw her plea, had called counsel at the wrong telephone number on the last day for filing a timely post-sentence motion, and did not reach her counsel about her request until the deadline has passed the following day. Motion for Permission to File a Post-Sentence Motion *Nunc Pro Tunc*, 2/20/18, at ¶¶ 2, 8.  On February 22, 2018, the trial court entered an order denying Appellant's motion, holding that Appellant had failed to allege extraordinary circumstances warranting *nunc pro tunc* relief.  Order, 2/22/18, at 2 (pages unnumbered).

Appellant filed a timely notice of appeal on March 1, 2018.  The trial court ordered Appellant to file a concise statement of errors complained of on appeal, and in response Appellant's counsel, pursuant to Pa.R.A.P. 1925(c)(4), instead filed a statement of intent to file an **Anders** brief.  Thereafter, the trial court issued a statement pursuant to Pa.R.A.P. 1925(a) indicating that it could not author an opinion because no errors had been specified.

In this Court, Appellant's counsel filed both an **Anders** brief and a petition to withdraw as counsel.  Accordingly, the following principles guide our review of this matter.

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous.  Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof . . . .
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the

- 3 -

right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of ***Anders***, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with ***Anders*** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy ***Anders***, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

***Commonwealth v. Wrecks***, 931 A.2d 717, 720-21 (Pa.Super. 2007)

(citations omitted). Our Supreme Court has clarified portions of the ***Anders***

procedure:

[I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, ***supra*** at 361.

Based upon our examination of counsel's petition to withdraw and ***Anders*** brief, we conclude that counsel has complied with the technical requirements set forth above.[2] Therefore, we now proceed "'to make a full examination of the proceedings and make an independent judgment to decide

_____

[2] Appellant did not file a response to counsel's petition.

- 4 -

whether the appeal is in fact wholly frivolous.'" ***Commonwealth v. Flowers***, 113 A.3d 1246, 1249 (Pa.Super. 2015) (quoting ***Santiago***, ***supra*** at 354 n.5).

Counsel identified two issues that arguably support this appeal: (1) that the trial court abused its discretion in denying her motion for leave to file a post-sentence motion *nunc pro tunc*, and (2) that her plea was not knowing, intelligent, and voluntary. ***Anders*** brief at 9.

We first consider whether Appellant has any viable claim regarding the trial court's denial of her motion to file a post-sentence *nunc pro tunc*. This Court has held that "if no appeal had been taken, within 30 days after the imposition of sentence, the trial court has the discretion to grant a request to file a post-sentence motion *nunc pro tunc*." ***Commonwealth v. Dreves***, 839 A.2d 1122, 1128 (Pa.Super. 2003) (*en banc*). "[T]he decision to allow the filing of a post-trial motion *nunc pro tunc* is vested in the discretion of the trial court and that we will not reverse unless the trial court abused its discretion." ***Id***. "[A]n abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will[,] or partiality, as shown by the evidence or the record." ***Commonwealth v. Bullock***, 170 A.3d 1109, 1117 (Pa.Super. 2017) (internal quotation marks omitted).

We observe that "[t]he request for *nunc pro tunc* relief is separate and distinct from the merits of the underlying post-sentence motion." ***Id***. at 1128-

29.  "[I]n order for a petition to file a post-sentence motion *nunc pro tunc* to be granted, a defendant must, within 30 days after the imposition of sentence, demonstrate an extraordinary circumstance which excuses the tardiness." *Id*. at 1128.  On review of the denial of the request, the "pertinent question" for this Court is whether Appellant was denied her post-sentence rights "by extraordinary circumstances not of [her own] doing[.]" *Commonwealth v. White*, 806 A.2d 45, 46 (Pa.Super. 2002).

Our independent review of the record reveals no abuse of discretion by the trial court in concluding that Appellant failed to allege the requisite extraordinary circumstances.  Appellant was specifically informed that she had ten days after the imposition of her sentence to file a motion to withdraw her plea.  Written Plea Colloquy, 1/31/18, at 4.  She waited until the last day to timely file a post-sentence motion to contact her attorney to make her request.[3]  When she attempted to make her eleventh-hour request, she used an incorrect number when she called her attorney.  Motion for Permission to File a Post-Sentence Motion *Nunc Pro Tunc*, 2/20/18, at ¶ 8.

This is not a case in which she was not advised of the time constraints for seeking post-sentence relief, or that she made a timely request that was

---

[3] The tenth day after the imposition of her sentence was Saturday, February 10, 2018.  Accordingly, her post-sentence motion deadline extended to Monday, February 12, 2018, *see* 1 Pa.C.S. § 1908, which was the day she called her attorney.  Thus, Appellant waited more than ten days after the imposition of her sentence to attempt to contact her attorney.

ignored by counsel. Rather, the untimeliness of her motion was the result of her own lack of attentiveness and care. **Compare Commonwealth v. Stock**, 679 A.2d 760, 761 (Pa. 1996) (holding *nunc pro tunc* relief was warranted where counsel failed to file an appeal although counsel was aware, at the latest, thirteen days before the filing deadline), **with White**, **supra** at 47 (finding no abuse of discretion in the denial of *nunc pro tunc* relief where there was no indication that the failure to file a timely appeal "was due to fraud or a breakdown of the Court system or that he acted promptly to seek relief from the entry of his guilty pleas").

Thus, we cannot conclude that the trial court's finding that the facts alleged by Appellant failed to demonstrate extraordinary circumstances was the result of an error of law or bias, prejudice, ill-will or manifest unreasonableness. Accordingly, we agree with counsel that Appellant's claim that the trial court abused its discretion in denying her motion for leave to file a post-sentence motion *nunc pro tunc* is meritless.

The second issue identified by counsel is whether Appellant's plea was unknowing, unintelligent, and involuntary. "A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver." **Commonwealth v. Lincoln**, 72 A.3d 606, 609-10 (Pa.Super. 2013).

Our review of the record does not show any indication that Appellant challenged the voluntariness of her plea at the plea/sentencing hearing, and we have already established that she did not raise the claim in a timely post-sentence motion. Therefore, the claim is waived, and raising it in this appeal would be frivolous. *See*, *e.g.*, *Commonwealth v. Cook*, 175 A.3d 345, 349 (Pa.Super. 2017).

In any event, the transcript shows that Appellant's plea was in fact voluntarily entered. The following legal principles apply.

> In order to ascertain whether a plea of *nolo contendere* has been tendered by a defendant knowingly and voluntarily, [Pa.R.Crim.P. 590] requires that the trial judge inquire at a minimum into the following six (6) areas:
>
> > (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?
> >
> > (2) Is there a factual basis for the plea?
> >
> > (3) Does the defendant understand that he or she has the right to trial by jury?
> >
> > (4) Does the defendant understand that he or she is presumed innocent until found guilty?
> >
> > (5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?
> >
> > (6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?
>
> Additionally, when a plea of *nolo contendere* includes a plea agreement, the judge must conduct a separate inquiry on the record to determine whether the defendant understands and accepts the terms of the plea agreement. In determining whether

a plea was voluntarily entered into, an examination of the totality of the circumstances is warranted.

*Commonwealth v. Lewis*, 791 A.2d 1227, 1231 (Pa.Super. 2002) (citations and quotation marks omitted). Moreover, "[o]ur law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa.Super. 2003) (citations omitted).

The trial court made a nearly-verbatim inquiry on the record about the six areas mandated by Pa.R.Crim.P. 590, and Appellant indicated, under oath, that she understood. *See* N.T. Plea/Sentencing, 1/31/18, at 4-5. The court additionally questioned whether Appellant had sufficient time to discuss her plea with her attorney, whether she was promised anything not included in the plea agreement, and whether she was threatened or coerced into entering her plea. *Id*. at 5. Appellant indicated that she had sufficient time, and that she was not promised anything additional or coerced into entering a plea against her will. *Id*.

Once the court properly rejected the guilty plea and Appellant indicated her desire to plead *nolo contendere*, the trial court confirmed Appellant's understanding of the differences between the pleas, informed Appellant that she would still be convicted of the offense, indicated that it would impose the agreed-upon sentence, asked Appellant if she had any questions, obtained the factual basis for the plea from the Commonwealth, assured that the written plea agreement that Appellant had previously executed was modified to show

that her plea was *nolo contendere* rather than guilty, and imposed the sentence to which Appellant agreed. ***Id***. at 8-9. Appellant's responses to the trial court's queries unambiguously indicated her understanding. ***Id***. The trial court then again inquired whether Appellant had any questions, and she stated that she did not. ***Id***. at 10.

Thus, the totality of the circumstances evidence that the trial court made every relevant inquiry into Appellant's knowledge and understanding of the terms and import of her plea. Moreover, Appellant's statements at the plea hearing, made under oath, confirm that her plea was voluntary. ***Pollard***, ***supra*** at 523 ("The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath[.]"). Therefore, we agree with counsel that the claim that Appellant's plea was involuntary is meritless.

Further, we have conducted "a full examination of the proceedings" and conclude that "the appeal is in fact wholly frivolous." ***Flowers***, 113 A.3d at 1248. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed.   Petition of Kevin M. Taccino, Esquire, to withdraw as counsel is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/17/18